## BARKER *v.* FRENCH.

The court will not refuse to grant a new trial for new discovered evidence,
    for the reason that such evidence is cumulative merely, if it is sufficient to
    render clear that which was before a doubtful case.

Although a person may take security for a debt by an absolute bill of sale of
    property, when it was intended only as security, yet if he claim that the
    purchase was absolute, and thereby seek to protect from creditors the prop-
    erty of the vendor, and endeavor to conceal the true nature of the transac-
    tion, it is evidence of fraud.

PETITION for a new trial.   The facts in the case, on which the
decision was founded, sufficiently appear in the opinion of the
court,—which was delivered by

WILLIAMS, Ch. J.   The court have been averse to granting new
trials on the ground of new discovered evidence.   If the party
might have availed himself of the same testimony by the use of due
diligence or if the testimony is cumulative,—that is, additional
witnesses are offered to the same fact before litigated, leaving it still
doubtful,—a new trial is not to be granted.   But it has not been
refused solely because cumulative, if it will make a doubtful case
clear.

In this case it appears, that French claimed by an absolute bill of
sale from Batchelder, and the case went to the jury on that ground.
Although it is true, that a person may take security for a debt by a
deed absolute, or by a bill of sale, when it was intended for security,

yet there should be no disguise, nor dissembling, nor falsehood ; and if the party claims an absolute purchase, when the sale was only intended for security, and thereby seeks to protect from the creditors the property of the vendor, and endeavors to conceal the true nature of the transaction, it is evidence of fraud.

The testimony in this case is newly discovered, and tends to show, very clearly, that the conduct of French has been fraudulent, that his bill of sale was not absolute, that he did not pay a full consideration for the property, and that his claim, if any thing, should only have been for the amount which Batchelder owed him, and the residue belonged to the creditors of Batchelder, of whom Mr. Day was one,—the plaintiff having attached the property, as sheriff, at the suit of Day. This fact, which now so abundantly appears by the affidavit of Johnson, was not and could not have been known to Day at the time of the trial. It is a case, therefore, which, we think, justice requires should be submitted to another trial. The conduct of Batchelder and French too clearly evinces, that their intention was not to effect security to French alone, but to set the creditors of Batchelder at defiance.

It is neither necessary, nor proper, to go into a history of the case, or examine all the points, which may tend to add to or detract from the credit due to the witnesses. It is sufficient to say, that Barker is entitled to have this testimony submitted to the jury ; and, if uncontradicted, it must change the verdict.

New trial granted, with costs to abide the event of the suit.