JOHN SCHRECKENGAST, PLAINTIFF IN ERROR, v. MELINDA C. EALY, DEFENDANT IN ERROR.

1. **Marriage:** BREACH OF PROMISE: PLEADING. Where in an action for breach of promise of marriage the promise is alleged to have been made at a certain date, to which the defendant pleaded infancy, it is not error for the court to permit an amended petition to be filed stating other promises and a ratification of the first after the defendant came of age.

2. **New Trial:** NEWLY DISCOVERED EVIDENCE, which is merely cumulative is not ground for a new trial, unless the new evidence is sufficient to render clear what was before doubtful.

3. ———: OBJECTIONS TO INSTRUCTIONS MUST BE MADE IN MOTION. Where no objections were made to the instructions in the motion for a new trial they cannot be considered by the supreme court.

4. **Marriage:** ACTION FOR BREACH OF PROMISE. An action for breach of promise, though in form *ex contractu*, yet it being impossible to fix a rule or measure of damages, the jury must determine the same from all the circumstances of each case.

ERROR to the district court for Hamilton county. Tried below before GEORGE W. POST, J.

*A. J. Rittenhouse* and *Hainer & Kellogg*, for plaintiff in error, on amendment of petition, cited: Schouler Dom. Rel., 535. Bliss Code Pl., 282–3. McPherson on Infants, 121. *Nichols v. Weaver*, 7 Kas., 373. *Derby v. Phelps*, 2 New Hampshire, 515. *Rush v. Wick*, 31 Ohio St., 521. On new trial for newly discovered evidence: Hilliard, 501. *Doe v. Roe*, 1 Johns Cas., 403. Cross-examination: Abbott's Trial Ev., 679. *Miller v. Rosier*, 31 Mich., 475. Excessive damages: *Boyer v. Barr*, 8 Neb., 68. *Leavitt v. Cutler*, 37 Wis., 46. Sedgwick, 456.

*Phil Likes* and *A. W. Agee*, for defendant in error, cited: *Savings Bank v. Shaffer*, 9 Neb., 1. *Clough v. State*, 7 Neb., 351. Sedgwick Damages, 148.

MAXWELL, J.

This action was brought in the district court of Hamilton county by the defendant in error against the plaintiff to recover damages for breach of promise of marriage. The jury returned a verdict in favor of the defendant in error for the sum of $1200, upon which judgment was rendered. The errors assigned will be considered in their order.

1. That the court erred in permitting an amendment of the petition. In the original petition the promise is alleged to have been made on the 17th of September, 1878. To this the defendant below among other defenses pleaded infancy. During the progress of the trial the court permitted an amended petition to be filed alleging new and

distinct promises and a ratification of the former promise after the defendant came of age. This, in our view, was a proper exercise of discretion. The subject of the action is a promise of marriage and a breach of the same. The promise if once made and relied upon would continue in force so long as it was treated as valid and binding by the parties themselves. And even if made by a party while under the age of legal consent, yet if renewed when he reaches that age, an amendment of the petition stating that fact is not only within the power of the court to grant, but in a proper case it is its duty to permit it to be made upon such terms as to payment of costs as may be proper. Such an amendment is not an abandonment of the original cause of action, but a recognition of the original promise, with allegations as to other promises of the same nature afterwards made affirming the first. Or the court may treat all the promises made as one transaction—a continuing agreement. There is nothing therefore in the first objection.

2. That a new trial should have been granted for newly discovered evidence. One of the defenses relied upon by the defendant to defeat a recovery was the bad character of the plaintiff. The affidavit showing the newly discovered evidence is as follows: "One Abraham Potts told this affiant on said last mentioned date (December 22, 1882) that the plaintiff lived with and kept house for one Peter Lefever for the space of three or four months, the said Peter Lefever being a bachelor, and that said plaintiff staid alone at nights with said Peter Lefever during all of said time; that he (Potts) had frequently been at Lefever's house until 12 o'clock at night, and when he left at said hour he would leave the said plaintiff and the said Lefever alone at said house, there being no other person residing at said house; that this was during the winter of 1874. Affiant further says he had frequently talked with said Potts and was unable to learn said facts prior to or at the time of this trial." Mr. Potts was a witness in the case, ac-

quainted with the plaintiff, and was asked in regard to the character of the plaintiff for chastity, and seems to have testified fully upon that point. From reading his testimony we infer that he was not an unwilling witness and not disposed to withhold any information he may have possessed had proper enquiries been made. The affidavit, even if it had been supported by that of Mr. Potts to the same effect, would be merely cumulative. Newly discovered evidence which is merely cumulative is not ground for a new trial.

In *Steinbach v. The Columbian*, 2 Caines, 129, it is said: "It often happens that neither party knows all the persons who may be acquainted with some of the circumstances relating to the point in controversy. If a suggestion then of the present kind be listened to, a second, if not a third and a fourth trial may always be had. There may be many persons yet unknown to the defendants, who may be material witnesses in this case, and this may continue after a dozen trials." There are some exceptions to the rule that a new trial will not be granted for newly discovered cumulative evidence, as when the new evidence is sufficient to render clear what was before doubtful. *Barker v. French*, 18 Vt., 460. *Waller v. Graves*, 20 Conn., 305. Maxwell Pl. & Pr. (3d Ed.), 446-7, note. But the new evidence must be of so controlling a character that it would probably change the verdict. *Windham v. Kendall*, 7 R. I., 77. *Levitsky v. Johnson*, 35 Cal., 41. The newly discovered evidence in this case fails to come within the above rule. There was no error therefore in disregarding it.

3. That the court erred in refusing to allow the defendant to show on cross-examination of the plaintiff that since her alleged engagement to the defendant she had received one L. H. Short as a suitor. In the plaintiff's cross-examination we find the following:

Q. Do you know L. H. Short?

A. Yes, sir.

Q.  Did he ever wait on you as a suitor during the time you claim to have been engaged to the defendant?

A.  No, sir.  He did not.

Q.  He never waited on you as a suitor since that time?

A.  No, sir.  Did you say during the time we were engaged?

Q.  Any time since the 17th of December or September, 1878, has L. H. Short waited on you as a suitor?

Plaintiff objects on the ground that he (the defendant) should be confined in his examination to this marriage contract that was broken by the defendant.  Objection sustained, to which the defendant excepted.  The question certainly ought to have been restricted to the time the marriage engagement was in existence, and because it was not, the objection was properly sustained.

4.  Objections are made in the petition in error to some of the instructions, but as none were made in the motion for a new trial, they must be considered waived.  *H. & G. I. R. R. v. Ingalls*, 15 Neb., 123.  *Cleveland Paper Co. v. Banks*, 15 Neb., 23.

5.  That the verdict is excessive.  An action for breach of promise, though in form *ex contractu*, yet from the nature of the case, it being impossible to fix any definite rule or measure of damages as the result of the injury, the jury are permitted to take into consideration all the circumstances of each particular case, and render such verdict as seems to be just.

In *Southard v. Rexford*, 6 Cow., 254, which this case somewhat resembles, it is said (page 261): " They (damages) rest in the sound discretion of the jury under the circumstances of each particular case."  And the court will not disturb the verdict unless it is apparent that the jury was influenced by passion, prejudice, or an improper motive.  The defendant seems to have known the plaintiff almost from childhood; resided less than three miles from her residence; was her recognized suitor for years, and time

and again made solemn promises of marriage to her, as she testifies, which substantially he is compelled to admit on cross-examination.   Afterwards he married another, and as a defense to an action for breach of promise to the plaintiff, attempts as an excuse for his conduct to justify himself by breaking down her character for chastity.   In this he failed, but it placed him in no enviable light before either the court or jury.   And in view of all the circumstances of the case, the verdict does not seem to be excessive.   There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.