CHARLES M. PLANCK, PLAINTIFF IN ERROR, V. NETTIE BISHOP, DEFENDANT IN ERROR.

[FILED MAY 31, 1889.]

1. **Bastardy**: PLEA: TRIAL. One P, being charged under the bastardy act with being the father of a bastard child, was recognized to appear before the district court to answer to the charge. He thereupon appeared in that court and entered a plea of "not guilty," and a trial was had which resulted in a verdict of guilty. This verdict was afterwards set aside and a second trial had, which resulted in a verdict of guilty. *Held*, That the plea of "not guilty" having been entered on the first trial, it was unnecessary to again enter the plea on the second trial. *Quære:* Whether the failure to enter the plea before trial would affect the verdict.

2. ———: EVIDENCE. On a trial under the bastardy act the complaining witness testified that the defendant had sexual intercourse with her on a day named. The defendant, thereupon, while testifying in his own behalf, denied that he had intercourse with her on that day. *Held:* 1. That any question relating to the situation of the plaintiff and defendant while together on that day, or about that time, was proper on cross-examination. 2. That the denial of sexual intercourse on the day named was not a denial that such intercourse had taken place.

3. **Errors** which occur on the trial must be assigned in the motion for a new trial, or they will not be considered.

4. **Verdict.** *Held,* ·That the verdict was sustained by the evidence.

ERROR to the district court for Holt county. Tried below before KINKAID, J.

*H. M. Uttley,* for plaintiff in error, cited: *Hutchinson v. State,* 19 Neb. 267; *Grigg v. People,* 31 Mich. 471; *Aylesworth v. State,* 65 Ill. 301; *Graeter v. State,* 54 Ind. 159; 1 Greenleaf on Evidence 13th Ed. sec. 445; *Davis v. Neligh,* 7 · Neb. 84; *Boggs v. Thompson,* 13 Id. 403; *Cool' v. Roche, Hall & Ray,* 15 Id. 24; *McFarland v. People,* 72 Ill. 368; *McCoy v. People,* 65 Id. 439; *McClellan v. State,* 28 N.W. Rep. 347; *State of Iowa v. Smith,* 16 Id. 585.

*B. F. Roberts, E. M. Lowe,* and *A. E. Rice,* for defendants in error.

MAXWELL, J.

On May 21, 1887, the defendant in error filed a complaint on oath before the county judge of Holt· county wherein she swears that she is an unmarried woman residing in Holt county, and that on the 26th of April, 1887, she was delivered of a bastard child, and that Charles M. Planck is the father of said child. An examination was thereupon had before said county judge, and Planck was required to enter into a recognizance for his appearance at the next term of the district court of Holt county. At the next term of the district court, a trial was had, and Planck was found guilty. This verdict, however, was set aside, and a new trial granted. Afterwards, at the December, 1887, term of court, a trial was again had in the district court of Holt county which resulted in a verdict finding the plaintiff in error guilty, and a motion for a new trial

having been overruled, judgment was rendered against the plaintiff in error for the sum of seven hundred and fifty dollars, payable in installments, for the maintenance of said child.   The first objection of the plaintiff in error is that there was no plea of "not guilty" entered before he was put upon trial.   This objection, however, is not true in fact, as the record shows that on the first trial, had on the 24th day of August, 1887, the defendant entered a plea of "not guilty."   The plea being once entered, it was unnecessary to repeat it at the next trial, and there was no error in not requiring the plaintiff in error to repeat the plea.   It is doubtful if the failure to plead not guilty before trial would affect a verdict of guilty found after trial of the case. (*State v. Cassady*, 12 Kas. 551 ; Maxw. Crim. Proc. 541.)   But that question is not before the court.   The first objection, therefore, is overruled.

The second ground of objection is that the court erred in permitting the cross-examination of the plaintiff in error to take so wide a scope.   The defendant in error, on cross-examination, had testified that the plaintiff in error had intercourse with her on the 1st day of August, 1887, and in substance that the plaintiff in error had called on her at her father's residence, just before sunset of that day, and invited her to take a ride with him in his buggy; that she consented provided he would not go very far; that he drove to one Shaw's, about five miles distant, and after staying there some time, started back towards her father's house; and that the plaintiff in error on the way back stopped his team, and had sexual connection with her in the buggy against her will; and that the child in question was begotten at that time.

To contradict this testimony, the attorney of the plaintiff in error asked him this question :

Q. I will ask you to state to the jury if on the 1st of August, 1886, in a buggy, somewhere north of plaintiff's place of residence, you had connection with her or not?

A. No sir; I did not, nor at any other place on that day.

The attorney of the plaintiff in error thereupon sought to limit the cross-examination to the single question whether or not the plaintiff in error had had connection with the defendant in error on that day, and to exclude all inquiry about the ride in the buggy. In our view, any question was proper on cross-examination in relation to the conduct of the plaintiff in error with the defendant while they were together on that day, or about that time, which would tend to show his guilt of the offense charged, or to exonerate him from the same. The fact that he limited his denial to that particular day, and not generally, is a circumstance which both a jury and court may well consider.

The essential question was, "Was he the father of the child?" If not, why not deny the charge in an open, general manner? The complaining witness might be mistaken as to the particular day on which the intercourse took place, but not as to the fact. Where a charge is general, therefore, that the party accused had sexual intercourse with the complaining witness at a particular date, and that he is the father of her bastard child, and this charge is supported by the testimony of such witness, the denial of the accused must be as broad as the charge, to be effective. It is the duty of the court and jury to ascertain the facts in the case, and that can only be done by a full inquiry into all the circumstances of the case. If, therefore, the accused offers himself as a witness and rests his defense upon a partial denial of the testimony of the complaining witness, he need not be surprised if the court and jury deem that portion not denied as thereby admitted to be true. In other words, the question presented was, Did the accused at or about the time charged, have intercourse with the complaining witness? His testimony is that he did not have such intercourse on a particular day. That is not a sufficient denial. Besides, as the plaintiff in error seems to rely

altogether on technicalities, it is probable that he did not consider the night of August 1, 1885, when the proof shows the act was done, as part of that day.    It is but justice that the putative father provide a suitable maintenance for his own child.    The charge, however, is a serious one, affecting not only the finances of the accused, but also his good name. The facts and circumstances, therefore, should be carefully weighed, and the proof be of such a character as to show the guilt of the accused.    The proof in that regard in the case at bar is sufficient.

The third objection is that the instructions, taken together, "encourage the jury in arriving at the conclusion. that the defendant is guilty."

No particular error in the instructions has been pointed out as prejudicial, and as we do not know what paragraph is complained of, they will not be reviewed.    In a number of cases it has been held that objections to instructions must be made in the motion for a new trial. (*Schreckengast v. Ealy,* 16 Neb. 510; *H. & G. I. R. R. Co. v. Ingalls,* 15 Id. 123; *Cleveland Paper Co. v. Banks,* Id. 23; *Weir v. B. & M. R. R. Co.* 19 Id. 213; *Nyce v. Shaffer,* 20 Id. 509.)

There is no objection of this kind in the motion for a new trial.

The fourth and fifth objections relate to the weight of evidence, and may be considered together.    In our view there is no force in these objections, as the evidence is sufficient to show that the plaintiff in error is the putative father of the child in question.    There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.