## TOM THOMAS v. STATE.

No. A-3484.    Opinion Filed July 6, 1920.

(190 Pac. 711.)

(Syllabus.)

1. **APPEAL AND ERROR—Subsequent Appeal—Law of the Case.**
Where on a second appeal from a murder conviction the question of the sufficiency of the evidence is raised, and the evidence is substantially the same as adduced at a former trial, which evidence was held sufficient to sustain the conviction on the first appeal, no new question is raised on the second appeal.

2. **APPEAL AND ERROR—Presumption of Regularity of Proceedings—Arraignment and Plea—Time—Waiver.** All presumptions on appeal favor the regularity of the proceedings in the trial court. Where the record on a former appeal shows that the cause was tried in all respects as if a plea of "not guilty" had been entered by the defendant, and no contention was made either in the trial court or on appeal that there had been no arraignment of, and plea entered by, the defendant prior to that trial, the question of the arraignment and plea was waived by failure to raise it by timely objection, and the presumption will be indulged in a subsequent appeal that the defendant was either arraigned and pleaded "not guilty" or else waived arraignment and pleaded "not guilty" at some time prior to the first trial. Under such circumstances another arraignment and plea of "not guilty" were unnecessary, and it was not error for the trial court to deny defendant's motion for a formal arraignment prior to the retrial of the cause.

*Appeal from District Court, Seminole County;*
*J. W. Bolen, Judge.*

Tom Thomas was convicted of murder, and he appeals. Affirmed.

Orwig & Moore, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Seminole county, wherein the defendant was convicted of the crime of the murder of one George Gammill, and his punishment fixed at imprisonment in the state penitentiary for life.

This is the second appeal taken to this court in this action; a former conviction having been reversed on the 19th day of May, 1917, and the cause remanded to the trial court for a new trial.

The facts are fully stated in the former opinion, reported in 13 Okla. Cr. 414, 164 Pac. 995. We therefore deem it unnecessary to make a restatement of the case at this time, as the evidence is substantially the same as that adduced at the former trial.

As in the former appeal, it is again contended that the evidence is insufficient to sustain the conviction.

This question was decided adversely to the contention of appellant's counsel in the first appeal, and it is only necessary to reiterate what was said in that opinion:

"There is evidence in the record fully sufficient to authorize the jury to conclude that the appellant was guilty."

The only other question now urged as ground for reversal is the refusal of the trial court to arraign and permit the defendant to plead to the information on the retrial of the case.

The record of the minutes of the trial on a former appeal is silent as to whether or not the defendant was formally arraigned and entered a plea at any time prior to the trial. But that record disclosed, however, that the de-

fendant was furnished with a copy of the information, together with a list of the witnesses to be used by the state in chief together with their post office addresses, as required by section 20, art. 2, Const., and that defendant therefore had knowledge of the contents of the information and knew who would be called as witnesses in chief against him; that defendant was present in person at the trial, and announced ready for trial, and was ably represented by counsel who assisted in the selection of the jury, and in the examination of the witnesses; that defendant not only introduced a number of witnesses in his own behalf, but also himself testified; that the county attorney, Mr. Hill, after the jury was sworn to try the cause, read the information and stated the plea of the defendant to be "not guilty," that Mr. Orwig then stated the case for the defendant; that evidence both for the state and the defendant was then introduced to the jury in proper order. The instructions of the court also stated the plea of the defendant to be "not guilty;" in fact, that the former trial proceeded to a conclusion on the theory that the defendant had pleaded "not guilty" to the charge, without any objection having been urged that there had been no arraignment or plea, and, further, it was not contended on appeal in the former hearing of this case in this court that there had been no arraignment of, and plea entered by, the defendant, and the judgment of conviction was reversed entirely on other grounds. The question of the arraignment and plea was waived by failure to raise it by timely objection in the former appeal.

The record on the former appeal clearly showing that the cause was tried in all respects as if a plea of "not guilty" had been entered by the defendant, it was immaterial that the record failed to show that he was formally arraigned.

In *Sam Wood v. State,* 4 Okla. Cr. 436, 112 Pac. 11, 45 L. R. A. (N. S.) 673, this court held:

"(a) Where the record is silent as to whether or not the defendant has been arraigned, but shows that the defendant appeared by counsel and announced ready for trial, participated in the selection of the jury and the examination of the witnesses, and further shows that the issues in the case were properly made up and submitted to the jury, it is too late after conviction for the defendant to object upon the ground that he was not arraigned.

"(b) Where the record is silent as to whether the defendant had been arraigned, but affirmatively shows that the defendant was accorded all the rights and privileges which the statute secures him by arraignment, this court will presume that the defendant was either arraigned or that he waived arraignment."

The foregoing decision met approval in the following cases: *Spencer v. State,* 5 Okla. Cr. 7, 113 Pac. 224; *Ryan v. State,* 8 Okla. Cr. 623, 129 Pac. 685. The latter case contains a lengthy and able discussion of the necessity of the record showing an arraignment and plea where the trial was conducted in all respects as if a plea of "not guilty" had been entered, and contains the citation of numerous authorities to the effect that the failure of the record to show an arraignment and plea under such circumstances does not constitute a fatal defect, but is a mere irregularity not involving a substantial right of the defendant.

Had this question, therefore, been presented in the former appeal, the decision would have been adverse to the appellant. *Simpson v. State,* 16 Okla. Cr. 533, 185 Pac. 116. The presumption in such instance must be in favor of the regularity of the proceeding in the lower court, and

that presumption will be indulged in this court in a subsequent appeal.

We must presume, therefore, that the defendant was either arraigned and pleaded "not guilty," to this charge, or else waived arraignment and pleaded "not guilty" at some time prior to the first trial. Under such circumstances, another arraignment and plea of "not guilty" were unnecessary. *Levy v. State,* 49 Ala. 390; *Reynolds v. State,* 34 Fla. 175, 16 South. 78; *Bradham v. State,* 41 Fla. 541, 26 South. 730; *State v. Simms,* 71 Mo. 538; *State v. Tate,* 156 Mo. 119, 56 S. W. 1099; *People v. McElvaine,* 125 N. Y. 596, 26 N. E. 929; *Planck v. Bishop,* 26 Neb. 589, 42 N. W. 723.

It was not error, therefore, for the trial court to deny defendant's motion for a formal arraignment prior to the retrial of the cause.

In this connection we desire to quote fully from the opinion delivered by Mr. Justice Day for the Supreme Court of the United States in *Garland v. Washington,* 232 U. S. 642, 34 Sup. Ct. 456, 58 L. Ed. 772, as follows:

"It is apparent that the accused was tried and convicted upon information charging an offense against the law, that he had a jury trial, with full opportunity to be heard, and that he was in fact deprived of no right or privilege in the making of his defense, unless such deprivation arises from the fact that he was not arraigned and required to plead to the second information before trial. The object of arraignment being to inform the accused of the charge against him and obtain an answer from him was fully subserved in this case, for the accused had taken objections to the second information and was put to trial before a jury upon that information in all respects as though he had entered a formal plea of not guilty. In this view, the Sup-

reme Court of Washington, following its former decisions, held that the failure to enter the plea had deprived the accused of no substantial right, and that, having failed to make objection upon that ground before trial, it was waived and could not be subsequently taken. This ruling, it is contended, deprived the plaintiff in error of his liberty without due process of law within the meaning of the Fourteenth Amendment of the Constitution.

"Due process of law, this court has held, does not require the state to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution. *Rogers v. Peck,* 199 U. S. 425, 435 [50 L. Ed. 256, 260, 26 Sup. Ct. Rep. 87], and previous cases in this court there cited. Tried by this test, it cannot for a moment be maintained that the want of formal arraignment deprived the accused of any substantial right or in any wise changed the course of trial to his disadvantage. All requirements of due process of law in criminal trials in a state, as laid down in the repeated decisions of this court, were fully met by the proceedings had against the accused in the trial court. The objection was merely a formal one, was not included in the general language in which the objection to the introduction of evidence was interposed before the trial, and was evidently reserved with a view to the use which is now made of it, in an attempt to gain a new trial for want of compliance with what in this case could have been no more than a mere formality.

"It is insisted, however, that this court, in the case of *Crain v. United States,* 162 U. S. 625 (40 L. Ed. 1097, 16 Sup. Ct. Rep. 952), held the contrary. In that case the question was specifically made as to the necessity of a plea before trial, duly entered of record. The learned justice who spoke for the majority of the court announced its conclusion approving a number of early cases in the state courts which had held that such form of arraignment en-

tered of record was essential to a legal trial, and holding that in a federal court no valid trial could be had without the requisite arraignment and plea, and that such must be shown by the record of conviction. If a legal trial cannot be had without a plea to the indictment, duly entered of record before trial, it would follow that such omission in the present case requires a reversal of the judgment of conviction, because the prisoner has been deprived of due process of law.

"Technical objections of this character were undoubtedly given much more weight formerly than they are now. Such rulings originated in that period of English history when the accused was entitled to few rights in the presentation of his defense, when he could not be represented by counsel, nor heard upon his own oath, and when the punishment of offenses, even of a trivial character, was of a severe and often of a shocking nature. Under that system the courts were disposed to require that the technical forms and methods of procedure should be fully complied with. But, with improved methods of procedure and greater privileges to the accused, any reason for such strict adherence to the mere formalities of trial would seem to have passed away, and we think that the better opinion, when applied to a situation such as now confronts us, was expressed in the dissenting opinion of Mr. Justice Peckham, speaking for the minority of the court in the *Crain Case,* when he said (page 649) :

" 'Here the defendant could not have been injured by an inadvertence of that nature. He ought to be held to have waived that which under the circumstances would have been a wholly unimportant formality. A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to

lie by, say nothing as to such an objection, and then for the first time urge it in this court.'

"Holding this view, notwithstanding our reluctance to overrule former decisions of this court, we now are constrained to hold that the technical enforcement of formal rights in criminal procedure sustained in the *Crain Case* is no longer required in the prosecution of offenses under present systems of law, and so far as that case is not in accord with the views herein expressed it is necessarily overruled."

The conclusion is reached, therefore, that where in a former trial the judgment of conviction is reversed on appeal, and the record indicates that a plea of "not guilty" had been entered, or where in such trial the parties proceed as if the defendant had been duly arraigned and had entered a formal plea of "not guilty," and where there was no objection made that the defendant had not been arraigned or had pleaded until after such judgment of conviction had been reversed on other grounds, that on a second appeal in such case the defendant will be presumed to have been duly arraigned and to have pleaded "not guilty" prior to the first appeal, and a subsequent arraignment and plea are unnecessary to join the issue in the last trial.

For reasons stated, the judgment of the district court of Seminole county rendered in this cause imposing imprisonment in the state penitentiary for life against the said Tom Thomas for the murder of George Gammill is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.