## LUM WEBBER v. STATE.

No. A-3560—Opinion Filed Nov. 12, 1920.

(193 Pac. 48.)

*Appeal from Superior Court, Muskogee County;*
*Guy F. Nelson, Judge.*

Lum Webber was convicted of unlawfully transporting intoxicating liquors, and he appeals. Affirmed.

*John Watkins,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall* and *E. L. Fulton,* Asst. Attys. Gen., for the State.

PER CURIAM. This is an appeal from the superior court of Muskogee county, wherein the defendant, Lum Webber, was convicted of the crime of unlawfully transporting intoxicating liquors, and sentenced to serve a term of six months' imprisonment in the county jail and to pay a fine of $150.

It is first contended that the trial court erred in overruling defendant's motion for a continuance on account of the absence of two witnesses. This assignment of error is without merit for two reasons: (1) Because the testimony which it is alleged these witnesses would have given if in attendance was clearly immaterial to the issue; (2) because it is not shown that the attendance of either of the witnesses could be procured at the next term of court had the continuance been granted.

It is next contended that the evidence is insufficient to support the verdict. An examination of the record discloses ample evidence to support the verdict, and, further, no substantial defense was made to the charge.

It is also contended that the judgment and sentence of the court does not conform to the verdict and information. This assignment is equally without merit. There is a recital in the journal entry of judgment to the effect that "the court, having fully considered the verdict of the jury, finds defendant guilty of the unlawful possession of intoxicating liquors, as charged in the information," but such recital is apparently a clerical error, because the record discloses that when defendant was brought before the court for judgment and sentence that sentence was pronounced against him for the crime of unlawfully transporting intoxicating liquors as charged in the in-

formation; it is clear from the entire record that defendant was charged with, convicted, and sentenced for, the crime of transporting intoxicating liquors, as charged in the information.

It is also contended that the county attorney, in his closing argument, made prejudicial remarks not supported by the evidence. There is no recital in the case-made certified to by the trial judge that the county attorney made the remarks complained of. The motion for a new trial contains a ground to the effect that the county attorney made certain remarks to which defendant objected and excepted.

In *Irvine v. State,* 10 Okla. Cr. 4, 133 Pac. 259, it is held:

"Objections to the argument of the county attorney placed in the case-made by counsel for a defendant will not be considered unless they are included in the recitals made by the trial judge, and unless they also set out the language used by the county attorney and show that the same was excepted to at the time."

The record containing no recital properly certified to by the trial judge, setting out the language used by the county attorney and showing that the same was properly excepted to at the time, there is no question raised by this assignment which may be considered on appeal. Questions of this character may not be raised for the first time in the motion for a new trial.

Finding no prejudicial error in the record, the judgment of conviction is affirmed, the term of imprisonment to begin on the date of the delivery of defendant into the custody of the sheriff of Muskogee county.