## ED SHERMAN v. STATE.

No.A-3592.   Opinion Filed July 23, 1921.
(200 Pac. 262.)

(Syllabus.)

1. **Indictment and Information—Series of Acts Charged in Single Count.** Where a statute enumerates a series of acts, either of which or all together constitute the offense, all such acts may be charged in a single count in the conjunctive.

2. **Trial—Instructions Considered as a Whole.** Instructions must be considered as a whole. No single instruction will be considered misleading or confusing, where its meaning is made clear by subsequent instructions.

3. **Receiving Stolen Goods—Imprisonment for Three Years not Excessive.** Imprisonment for three years in the penitentiary is not an excessive punishment for receiving stolen property, where there is no showing that the verdict was the result of passion or prejudice.

4. **New Trial—On Ground that Defendant Did not Plead—Effect of Waiver of Arraignment.** Where the record discloses that defendant waived arraignment, demurred to the information, announced ready for trial, participated in the selection of the jury, that the county attorney in stating the case announced that defendant had pleaded not guilty, and the court in charging the jury announced defendant's plea as not guilty, and the trial was conducted in all respects as if a plea of not guilty had been entered, it is too late after verdict to interpose as ground for a new trial that no plea had been entered to the information.

Appeal from District Court, Canadian County; Geo. W. Clark, Judge.

Ed Sherman was convicted of the crime of receiving stolen property, and he appeals. Affirmed.

R. B. Forrest, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall and E. L. Fulton, Asst. Attys. Gen., for the State.

MATSON, J. Plaintiff in error, Ed Sherman, hereinafter referred to as defendant, was informed against and convicted in the district court of Canadian county of receiving

stolen property, and his punishment assessed at imprisonment in the state penitentiary for three years.

It is first contended that the information is duplicitous, in that defendant is both charged with buying and receiving stolen property, which constitute two separate and distinct offenses, and that the court therefore erred in overruling defendant's demurrer to the information on this ground.

Section 2664, Revised Laws 1910, defines the offense as follows:

"Any person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever, that has been stolen from any other, knowing the same to have been stolen, is punishable by imprisonment in the penitentiary not exceeding five years, in the county jail not exceeding six months, or by a fine not exceeding two hundred and fifty dollars, or by both such fine and imprisonment."

The demurrer was properly overruled. The statute defines but one offense, and enumerates disjunctively the acts which, either committed separately or together, constitute the offense. The rule is well established that where a statute enumerates a series of acts, either of which or all together may constitute the offense, all such acts may be charged in a single count, since, though each by itself may constitute the offense, all together do no more and constitute but one and the same offense, and the indictment or information, if it charges more than one of such acts, which it may do and that in the same count should do so in the conjunctive. State v. Pirkey, 22 S. D. 550, 118 N. W. 1042, 18 Ann. Cas. 192; People v. Swaile, 12 Cal. App. 192, 107 Pac. 134; 22 Cyc. 380; Bishop's Statutory Crimes § 244.

It is also contended that the court erred in giving instruction No. 1. This instruction is merely a copy of the

charging part of the information, and is followed by instructions Nos. 2, 3, and 4, which, in effect, tell the jury that defendant has pleaded not guilty to the charge and that defendant is presumed to be innocent, and that the burden is upon the state to prove every material charge in the information beyond a reasonable doubt before defendant can be convicted. It is contended that because the court, in reading the charging part of the information, read to the jury, "that the said defendant then and there well knew that said property had been recently stolen," this amounted to a comment upon the weight of the evidence, and for that reason was erroneous.

We consider this assignment of error extremely technical, as it is clear that the jury could not have been misled by anything contained in instruction No. 1, when considered in connection with the other instructions given concerning the presumption of innocence and the burden upon the state to prove defendant's guilt of every material allegation in the information beyond a reasonable doubt. It is clear also from instruction No. 1 that the court was merely reading to the jury the charge as contained in the information.

Instruction No. 6 is complained of because the words "bought or received" are used in said instruction. We see no error in this instruction. The information alleged that defendant both bought and received stolen property, knowing same to have been stolen. A conviction was authorized upon proof that he either bought stolen property, knowing it to have been stolen, or received stolen property, knowing it to have been stolen, or that he both bought and received under such circumstances; that statute defining but one offense.

The punishment imposed was imprisonment for a period of three years, and it is contended that because of the severity

of the punishment the verdict was a result of passion and prejudice on the part of the jury. The maximum punishment permitted under the statute is five years' imprisonment in the state penitentiary. Had the jury been prejudiced against defendant, it is difficult to understand how a verdict assessing less than the maximum punishment resulted from the trial. The punishment is such as is provided by the law, and is within the limits fixed by law, and there is nothing in the records that convinces this court that the verdict is the result of passion and prejudice upon the part of the jury. The circumstances under which defendant bought this property, the property bought being a set of harness which had been previously stolen by a man much younger than defendant, clearly indicate, and the jury was authorized to conclude, that the purchase of same by defendant was made with knowledge that the property had been previously stolen. We think the evidence was sufficient to sustain the conviction under the rule announced by this court in case of Price v. State, 9 Okla. Cr. 359, 131 Pac. 1102, and that the punishment imposed is not excessive when considered in connection with all the evidence of defendant's guilt.

Lastly it is contended that the record does not disclose that defendant was ever arraigned to the amended information, or ever entered his plea thereto. The record clearly discloses that defendant announced ready for trial, and that the trial proceeded in all respects as if a plea of not guilty had been entered, without any objection having been made, either before the trial commenced or before verdict was returned, that a plea had not been entered. The record discloses that defendant waived the arraignment, demurred both to the original and amended information, and announced ready for trial; that the county attorney, in stating the case to the jury, announced that defendant had pleaded not guilty, and that the court in charging the jury announced defend-

ant's plea as not guilty; that defendant participated in the selection of the jury; and that the trial was conducted in all respects as if a plea of not guilty had been entered. We deem this a sufficient showing that a plea of not guilty was entered to the information. Johnson v. State, 5 Okla. Cr. 1, 112 Pac. 760; Hast v. Territory, 5 Okla. Cr. 162, 114 Pac. 261.

Finding the record free from reversible error, the judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.