## ROY WOMBLE v. STATE.

No. A-7667.   Opinion Filed Feb. 28, 1931.
(296 Pac. 515.)

Ellmore Pinnick, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county on a charge of murder and sentenced to life imprisonment.

The record discloses a state of facts about as follows: Defendant, with George Lampos and Pete Amos, two Greeks, drove from Miami, Fla., to Oklahoma in a Rickenbacken car which belonged to Pete Amos with a load of whisky. They arrived at Tulsa October 18, 1926, where they remained that week, except that defendant came to Oklahoma City one day and returned the next. On October 25, defendant and the two Greeks left Tulsa in the Rickenbacker car for Oklahoma City. There is no testimony of any one who saw the Greeks alive after that time. Defendant was at Oklahoma City with a quantity of whisky for sale about the time the parties drove from Tulsa to Oklahoma City. The car was found burning a short distance from the North Canadian river near El Reno in the latter part of October. A quarter of a mile from the place the dead body of Pete Amos was found, and two or three months later the dead body of George Lampos was found in the North Canadian river in Oklahoma county near the town of Choctaw, with several wounds in the head sufficient to have caused death. There are some other circumstances not detailed. Defendant

admits he made the trip from Florida with Amos and Lampos in the Rickenbacker car; that they were at Tulsa several days; that he came to Oklahoma City one day and returned the next; that on his return he found one Baker with them; but denies that he came to Oklahoma City with them. He admits he saw Baker with the car in Oklahoma City and that he assisted Baker to dispose of the whisky; that he then went to Amarillo and from there to Los Angeles. Baker was a witness for the state and testified he bought three cases of whisky from defendant at that time.

It is contended that there is no proof of venue. That is, that there is no evidence the crime was committed in Oklahoma county. There is no proof of venue other than the circumstances recited. It is well settled that venue may be proven by circumstantial evidence and need not be proven beyond a reasonable doubt. The circumstances proven are sufficient. Ward v. State, 13 Okla. Cr. 81, 162 Pac. 232; Jentho et al. v. State, 19 Okla. Cr. 434, 200 Pac. 251; Edwards v. State, 25 Okla. Cr. 167, 219 Pac. 427; Groh v. State, 30 Okla. Cr. 396, 236 Pac. 435; McColloch v. State, 45 Okla. Cr. 442, 283 Pac. 1026; Hatfield v. State, 49 Okla. Cr. 41, 292 Pac. 1058.

Complaint is also made that the court permitted to testify a witness whose name was not indorsed on the information and who remained in the courtroom during the trial after the rule had been invoked. This refers to the testimony of Mrs. Charles G. Athens, a witness who testified in rebuttal and without objection at the time and without any notice that she remained in the courtroom. The names of rebuttal witnesses need not be indorsed. Bigfeather v. State, 7 Okla. Cr. 364, 123 Pac. 1026; Pollock v. State, 26 Okla. Cr. 196, 223 Pac. 210. Even where a witness willfully violates the rule, it is discretionary with

the court to allow or to exclude the testimony of such witness. Kilgore v. State, 10 Okla. Cr. 446, 137 Pac. 364; McCarty v. State, 21 Okla. Cr. 365, 207 Pac. 1069. The error, if any, cannot avail defendant under this state of facts.

It is also urged the court erred in permitting the jury to separate after the close of the testimony and before the case was finally submitted. This was done by agreement of the state and the defendant. It is within the discretion of the trial judge to permit the separation of the jury before the case is finally submitted. Section 2716, Comp. Stat. 1921; Horn v. State, 13 Okla. Cr. 354, 164 Pac. 683; Chappell v. State, 44 Okla. Cr. 268, 280 Pac. 639.

Upon an examination of the entire record, we are satisfied defendant had a fair and impartial trial.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.