# HARRY PRICE v. STATE.

No. A-8321.   May 28, 1932.
(12 Pac. [2d] 249.)

E. H. Beauchamp, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Delaware county of larceny of live stock, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of five years.

It is first contended that the court erred in not arraigning the defendant and in requiring him to go to trial before arraignment, and voluntary plea was entered by him.

It appears from the record that on the 12th day of February, 1931, an information was filed against defendant in the district court, charging him with the larceny of live stock; that on the 6th day of April, 1931, defendant filed his motion and affidavit for a continuance; that upon the same day such motion was sustained and the cause continued; that on the 23d day of May, 1931, defendant filed his motion to quash and set aside the information; that on the same day defendant filed a demurrer to the information; that on the 25th day of May, 1931, the motion to quash the information and the demurrer to the same were overruled; that on the 26th day of May, 1931, when the case was called for trial, the state announced ready for trial, and defendant announced not ready, and made application for a further continuance of the case, which application was denied; that thereupon a jury was impaneled and sworn to try the cause; that witnesses were called and sworn to testify and placed under the rule; that thereupon defendant objected to being placed upon trial for the crime charged, for the reason that he had had no regular preliminary hearing, and because there was a variance between the information and the complaint, and for the further reason that defendant had not been arraigned or entered a plea in the case, which objections were overruled by the court, to which defendant saved his exceptions and now contends that it was reversible error for the court to refuse to declare a mistrial upon his claim that he had not been arraigned or been given an opportunity to plead.

Motion to set aside an information or demurrer thereto are such pleas as may be entered on an arraignment, and are such as defendant may be allowed 24 hours in which to file. Sections 2595 and 2596, C. O. S. 1921. After such pleadings are filed, there is no necessity to

grant another 24 hours for a plea of not guilty. Section 2602, C. O. S. 1921; section 2615, C. O. S. 1921. Interposing a motion to quash or a demurrer to the information constitutes a waiver of the right to have 24 hours additional in which to plead. Schlumbohm v. State, 5 Okla. Cr. 36, 113 Pac. 235; Clark v. State, 29 Okla. Cr. 243, 232 Pac. 953. Arraignment may be and is waived where defendant proceeds to trial without objection on this ground. Ryan v. State, 8 Okla. Cr. 623, 129 Pac. 685; Simpson v. State, 16 Okla. Cr. 533, 185 Pac. 116; Thomas v. State, 17 Okla. Cr. 550, 190 Pac. 711; Sherman v. State, 19 Okla. Cr. 269, 200 Pac. 262; Brown v. State, 33 Okla. Cr. 217, 242 Pac. 1065.

Section 2627, C. O. S. 1921, provides:

"If the defendant refuse to answer the indictment or information by demurrer or plea, a plea of not guilty must be entered."

The record in this case discloses that the trial court followed closely the statutory provisions in denying further time to defendant to plead, and in entering a plea of not guilty for him after his refusal to plead. All presumptions favor the regularity of the proceedings in the lower court. This court, therefore, will presume that the defendant was either arraigned or waived arraignment at the time he entered his demurrer to this information.

Complaint is next made that the court erred in overruling his motion for a continuance on account of the absence of a material witness for defendant.

This motion was properly overruled because it appears on the face of the affidavit that the evidence intended to be offered by this witness was purely hearsay, and for the further reason that there is not sufficient alleged in the motion to show the materiality of the evidence or to

show its competency. Webber v. State, 18 Okla. Cr. 323, 193 Pac. 48; Vineyard v. State, 22 Okla. Cr. 76, 209 Pac. 783; Queen v. State, 23 Okla. Cr. 146, 212 Pac. 1021. There was no abuse of discretion, therefore, in denying the continuance.

It is next contended that the court erred in permitting the witness Caves to testify in rebuttal for the state, after it appeared that he had remained in the courtroom after the adoption of the rule. Such action on the part of the witness merely affected his credibility and subjected him to punishment for contempt, but the fact that he violated the rule did not disqualify him as a witness. Hembree v. State, 15 Okla. Cr. 422, 177 Pac. 385; Price v. United States, 1 Okla. Cr. 291, 97 Pac. 1056; Womble v. State, 50 Okla. Cr. 108, 296 Pac. 515.

It is next contended that the trial court erred in permitting the state to indorse on the information the name of Fred L. Pickens in lieu of E. A. Pickens originally indorsed thereon. This witness was present at the preliminary examination. Defendant and his counsel knew who he was, and the mistake made in giving the initials as E. A. instead of Fred L. did not mislead the defendant.

In felony cases less than capital, it is within the discretion of the trial court to permit additional names to be indorsed on the information after the jury is impaneled and the trial begun. Montgomery v. State, 19 Okla. Cr. 224, 199 Pac. 222; Davenport v. State, 20 Okla. Cr. 253, 202 Pac. 18; Womble v. State, 50 Okla. Cr. 108, 296 Pac. 515; Robnett v. State, 51 Okla. Cr. 33, 299 Pac. 241.

It is next contended that the court erred in refusing to give defendant's requested instruction No. 8. The court, on its own motion, in instructions No. 3 and No. 12,

sufficiently covered the proposition of law in defendant's requested instruction.

Finally, it is contended that the evidence is insufficient to support the verdict of the jury. As is true in most larceny cases, the evidence is circumstantial, but, on the whole, is stronger than in most cases, and is sufficient to support the verdict of the jury. The cause is therefore affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., not participating.