# FLINN v. STATE.

No. A-11693. April 21, 1953.

Rehearing Denied May 20, 1953.

(257 P. 2d 324.)

Robt. H. Warren, Hugo, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, Mack Flinn, defendant below, was charged by information in the county court of Choctaw county, Oklahoma, with the unlawful possession of intoxicating liquor, to wit, 55 fifths, 385 pints, 816 one-half pints tax paid whiskey and 24 fifths of wine tax paid, in violation of Title 37, § 31, O.S.A. 1941. The offense was allegedly committed in Choctaw county on August 12, 1950. The defendant was tried by a jury, convicted, his punishment fixed at a fine of $500 and 90 days in the county jail. Judgment and sentence was accordingly entered on the 13th day of November, 1951, from which this appeal has been perfected.

The defendant raises two contentions: First, he contends that the trial court committed error in overruling his motion to quash and suppress the evidence because the same was obtained by an unreasonable search and seizure. This contention is predicated upon the proposition that the affidavit to obtain the search warrant herein involved was vague, indefinite and uncertain as to the date on which the defendant had the unlawful possession of the intoxicating liquor. The affidavit for the search warrant at the very beginning reads as follows:

"W. E. Page, of lawful age, being first duly sworn, upon oath states, that on or about the —— day of August, 1950, in Choctaw County, State of Oklahoma, the following premises are being used as a place where spirituous, vinuous, fermented and malt liquors containing more than 3.2 Alcohol measured by weight, capable of being used as a beverage, are received, stored and kept for the purpose of violating the prohibition laws of the State of Oklahoma," etc.

For this reason the defendant contends the affidavit for search warrant was therefore invalid. It appears that the next date contained in the affidavit was that in the jurat which shows, "Subscribed and sworn to before me this the 12th day of August 1950". The affidavit was signed by W. E. Page and verified by him on the aforesaid date.

The record discloses in support of the motion that the magistrate, M. S. Watson, justice of the peace sitting as the magistrate who issued the search warrant, was called as a witness. He testified he issued the search warrant on

August 12, 1950, predicated upon the hereinbefore described affidavit. The affidavit in question recites existing facts to the effect that the affiant "knows of his own knowledge that the party occupying the above premises is in the whiskey business and that said party has sold whiskey from said place and that said party uses the place for the storage of intoxicating liquor". The state contends that the omission of the date of the month from the body of the affidavit was neither material nor prejudicial to the rights of the defendant. The affidavit conforms in all other respects to the requirements of the statute and the defect as hereinbefore complained of constitutes the sole basis for the contention hereinbefore set forth. Almost the identical question herein involved has been passed on adversely to the defendant's contention in the case of State v. Manuel, — Okla. Cr. —, 255 P. 2d 289, wherein it was said:

"Where the sole ground for sustaining a motion to suppress the evidence obtained by authority of a search warrant and for dismissal by the county judge of the prosecution, was that the justice of the peace by inadvertence failed to fill in the day in November, 1951, that the search warrant was issued, but the affidavit for search warrant shows on its face to have been sworn to on the 30th day of November, 1951, and the sheriff's return shows that the warrant was served on December 1, 1951, and it is stipulated that the evidence would show that the warrant was actually issued on the 30th day of November, 1951;

"Held, that the failure to fill in the day in November, 1951, that the warrant was issued, under facts recited, constituted a mere irregularity insufficient to justify the sustaining of the motion to suppress in prosecution for possession of intoxicating liquors with intent to sell."

Such being the rule as to the warrant itself we see no reason why the same should not apply to the affidavit. Herein the affidavit was executed on August 12, 1950, the warrant issued, served and returned on said date. As suggested by the Attorney General the affidavit being in the present tense as to existing facts, the date omitted might well have been entirely left out without affecting the legal validity of either the affidavit or the search warrant. It is therefore apparent that this contention of the defendant is without merit.

The defendant next contends that the court erred in pronouncing judgment and sentence against the defendant which was contrary to the verdict and was not a sentence which could be imposed upon the defendant in Choctaw county, Oklahoma. The verdict of the jury was in substance as follows, to wit, "We, the jury, drawn, * * * assess his punishment at Fine $500.00 and 90 days in the County jail". The last paragraph of the judgment and sentence contains the following recital:

"It is further considered, ordered and adjudged by the court that the Court Clerk do immediately make and certify under the seal of the Court, and deliver to the Sheriff of Choctaw County, State of Oklahoma, two copies of this judgment and sentence; one of which said copies shall accompany the said defendant to the Chain Gang of Choctaw County, Oklahoma; and shall be left there with the Foreman of said Chain Gang and shall be full and sufficient warrant and authority for said Foreman of the Chain Gang to imprison said defendant in accordance with this judgment and sentence; and the other copy to be full and sufficient warrant and authority of said Sheriff of Choctaw County, Oklahoma, to imprison or deliver the said defendant as herein provided; said last named copy to be returned to the Clerk of this Court with doings of the said Sheriff endorsed thereon."

The Attorney General concedes that the foregoing provision contained in the judgment and sentence relative to the chain gang was entered without authority of law but contends that the said recitals constitute mere surplusage. The defendant in his brief states that we only wish to call the court's attention to his unusual judgment and sentence for the reason it did not follow the verdict

of the jury and for the further reason it showed the attitude of the court toward the defendant in sentencing him to work on the chain gang which has long been abolished in Choctaw county as well as the State of Oklahoma. He further states in his brief that it may not be that this is such error that would cause this court to reverse this cause with directions to dismiss, "but we do feel that it is such error to show very plainly to this court the conditions under which this defendant was tried and the attitude of the judge at the time of the trial" and for these reasons he contends it is reversible error. We are of the opinion in this connection that the foregoing portion of the judgment and sentence does constitute mere surplusage and deleting and omitting from said judgment the objectionable portion thereof, the same constitutes a valid judgment and sentence. In Beam v. State, 66 Okla. Cr. 14, 89 P. 2d 372, it was said in the body of the opinion:

"It is elementary that where a verdict of the jury assessing the punishment is in conformity with the law, the court must enter judgment and sentence in conformity to the verdict, and where there is a variance between the verdict of the jury and the sentence of the court, on appeal this court will remand the case with direction to the trial court to correct its judgment and sentence to make it conform to the verdict. Wood v. State, 4 Okla. Cr. 436, 437, 112 P. 11, 45 L.R.A., N.S., 673; Caudill v. State, 9 Okla. Cr. 66, 130 P. 812; Webber v. State, 18 Okla. Cr. 323, 193 P. 48; Barrett v. State, 39 Okla. Cr. 50, 263 P. 166."

The rule is laid down in 24 C.J.S., Criminal Law, § 1586, P. 116, "Matter in a sentence constituting surplusage does not invalidate the sentence and may be rejected". A case in point by analogy is that of Turpin v. State, 173 Tenn. 138, 114 S.W. 2d 953, wherein it appeared that the person convicted of unlawful possession of whiskey was also adjudged infamous, which order adjudging the accused infamous was held to be "unauthorized and should be stricken as surplusage". With that modification the judgment of the trial court was affirmed. Under the provisions of Title 22, § 1066, O.S.A. 1941, this court is authorized to modify the judgment appealed from; and under the provisions of Title 22, § 1068, O.S.A. 1941, any matter of procedure may be held to constitute harmless error unless, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. Therefore taking into consideration the fact that the matter of the chain gang reference in the judgment was without authority of law, surplusage, and severable from the valid portion of the judgment, and in view of the fact, that the things complained of in regard to the judgment and sentence occurred after trial, and did not affect the jury's finding of the defendant's guilt, we are of the opinion that the foregoing did not prejudice the defendant in any of his substantial rights. The judgment and sentence being otherwise valid the trial court is therefore instructed to strike from the said judgment and sentence the last paragraph thereof and proceed forthwith to execute its judgment and sentence as by law provided. For all the above and foregoing reasons, the judgment and sentence herein imposed, as modified, is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.