### RILEY JOHNSON v. STATE.

No. A-336.   Opinion Filed January 18, 1911.

(112 Pac. 760.)

1. **APPEAL—Record—Plea to Indictment.** Where the record shows that the defendant was duly arraigned and that he demanded time in which to plead to the indictment, and when the case was subsequently called for trial he announced ready for trial and participated in the selection of the jury, and the county attorney, after reading the indictment to the jury, stated that the defendant had pleaded not guilty thereto, and where the instructions of the court informed the jury that the defendant had pleaded not guilty, this sufficiently shows that the defendant had pleaded to the indictment.

2. **RAPE—Evidence—Judicial Notice—Boundaries of Counties and Location of Cities.** (a) For evidence sustaining a conviction for statutory rape, see opinion. (b) A defendant may be convicted for the crime of rape upon the uncorroborated testimony of the prosecuting witness. (c) Courts of Oklahoma take judicial notice of the boundaries of the counties and the location of the cities and towns therein.

3. **NEW TRIAL—Newly Discovered Evidence—Showing of Diligence.** (a) Where a defendant filed a motion for new trial based upon alleged newly discovered evidence, it is not sufficient for him to assert that he had used due diligence to discover this evidence prior to the trial; but he should state the facts with reference to the question of diligence, so that the court can determine as to whether or not the diligence used was sufficient. (b) For a motion for new trial based upon the ground of alleged newly discovered evidence, which was altogether insufficient, see opinion.

(Syllabus by the Court).

*Appeal from District Court, Marshall County; D. A. Richardson, Judge.*

5 Cr.—1

Riley Johnson was convicted of rape, and he appeals. Affirmed.

*F. E. Kennamer, Chas. A. Coakley,* and *I. O. Lewis,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. First. The defendant's first assignment of error is as follows: "The plaintiff in error was not required or allowed to plead before the trial of the cause." The record does not sustain this assignment of error. On the contrary it shows that on the 26th day of April, 1909, the defendant was duly arraigned and demanded 24 hours within which to plead to the indictment. On the 3d day of May, 1909, this cause was called for trial and both the state and the defendant announced ready for trial, and a jury was duly impaneled, and that the county attorney thereupon read the indictment to the jury and stated that the defendant had pleaded not guilty. The county attorney then stated the case in behalf of the state to the jury, and counsel for the defendant stated the case to the jury in behalf of the defendant. The court instructed the jury that the defendant had pleaded not guilty. These recitals in the record are sufficient to show that the defendant entered a plea of not guilty. See *Sam Wood v. State,* 4 Okla. Cr. 436, 112 Pac. 11.

Second. After the state introduced its evidence, the defendant moved the court to inform the jury that the evidence was not sufficient to warrant a conviction, and to advise the jury to find the defendant not guilty. This motion was overruled by the court, to which the defendant excepted. This prosecution was brought under the first paragraph of section 2353, Snyder's Comp. Laws Okla. 1909, which is as follows:

"Rape is an act of sexual intercourse with a female not the wife of the perpetrator under either of the following circumstances: First. When the female is under the age of 16 years."

Nettie Fisher, the prosecuting witness, testified that she did not know just exactly how old she was, but that she thought

that she was 14 years of age. This evidence was introduced without objection or exception on the part of the defendant. She further testified that she was living with her father, Alex Fisher, and that she was acquainted with Riley Johnson, and had known him for about a year; that about a year ago before the trial the witness, in company with her sister and brother, took supper with Riley Johnson, the appellant; that after supper Riley Johnson carried her home to her father's house, and while on the road he had sexual intercourse with her; this occurred at night; that Riley Johnson had had sexual intercourse with her twice before in the woods near the home of the witness' father. She testified that as the result of this sexual intercourse she became pregnant with child; that Riley Johnson at this time was living with his father in the town of Woodville. Alex Fisher testified that he was the father of the complaining witness and that he lived about two miles from Woodville; he remembered the circumstances of Nettie's going to supper with Riley Johnson about a year before the trial began, and that Riley Johnson came back home with her. He also testified that at this time Riley Johnson was paying attention to and was going with his daughter. He testified that he did not know how old the prosecuting witness was; that all he had to go by was what the doctor said, and that Dr. Jones had waited on his wife when Nettie was born, and that this was the only time that Dr. Jones had attended his wife during childbirth. Dr. E. A. Jones testified that he lived at Woodville and was a physician; that he knew Alex Fisher and Nettie Fisher; that the witness would have resided at Woodville 16 years from the 6th of next June; that in the fall or the next spring after he came to Woodville he was the physician of Alex Fisher's wife when her girl baby was born; and that he never waited upon Alex Fisher's wife at any other time.

We think that this evidence clearly makes a case against the defendant. This court takes judicial notice of the boundaries of the counties and of the location of the cities and town therein, and we therefore know that Woodville is in Marshall county, Okla.

The evidence of the doctor is clear as to the age of the prosecuting witness, and brings her within the protection of the statute, whether or not she consented to her defilement. The party ravished is a competent witness. How far she is to be believed must be left to the jury, and a conviction may be had for this offense upon her uncorroborated testimony. See *Reeves v. Territory,* 2 Okla. Cr. 358, 101 Pac. 1039. It would indeed be a harsh and unjust rule of law that would require corroboration of that which in the very nature of things in many cases could not be corroborated. We therefore hold that the court did not err in refusing to advise the jury to acquit the defendant.

Third. The defendant filed a motion for new trial upon the ground of newly discovered evidence, and claims that if a new trial were granted him, he would be able to prove by Mollie Ingram and Lou Johnson that the prosecuting witness in this case was over 16 years of age at the time of the commission of this offense. Defendant alleges that since his arrest on the charge of this case he has been confined in jail and been unable to make any inquiries with reference to the testimony in the case; that he has used all reasonable diligence in procuring evidence in his behalf; and that he did not discover the testimony of the said Lou Johnson and Mollie Ingram until after his conviction. Defendant stated that he had exercised due diligence in procuring testimony in his behalf before the trial began. This is merely the statement of a conclusion. Such an affidavit should state the facts, so as to enable the court to see that due diligence had been exercised. The record shows that the father of the defendant resided at Woodville. With the least effort on the part of the defendant or his counsel he should have been in possession of the alleged facts set up in his motion for new trial long before the trial of this case took place. The record further shows that the verdict was rendered against the defendant the same day on which the motion for new trial was filed. No explanation was made as to how or why it was that the defendant could discover this testimony as soon as he was convicted, but could not find it out before the

trial. Defendant had had a preliminary trial at which the state's evidence was introduced, and in which he was represented by the same counsel, who represented him in the final trial. The town of Woodville is about 15 miles from the county seat where the trial took place. It is not alleged that counsel for the defendant even visited Woodville to make any investigations in behalf of their client; that the defendant or his counsel ever even requested the father of the defendant, who resided at Woodville, to make any investigations as to the facts of the case. They rested their defense entirely upon the hope that the jury would believe the testimony of the defendant rather than the testimony of the prosecuting witness. Under these circumstances it was too late, after the conviction, to begin to exercise that diligence which should have been exercised before the trial. Counsel cannot remain idle before a trial and after there has been a conviction discover evidence which they could have discovered prior to the trial by the exercise of diligence, and thereby obtain a new trial. The trial of a criminal case is a very serious matter, and the law requires that defendants and those representing them must be diligent in preparing to defend their cases. It is their duty to prepare their cases for trial before a conviction has been had.

The jury saw and heard all of the witnesses in this case. They accepted the testimony for the state, and rejected that for the defense. We cannot say that they were not justified in so doing.

The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG and DOYLE, JUDGES, concur.