## JOHN SCHLUMBOHM v. STATE.

No. A-346.   Opinion Filed February 6, 1911.

(113 Pac. 235.)

1.  **CRIMINAL LAW—Day in Which to Plead—Waiver.** (a) When a defendant is arraigned on a felony charge, he is entitled to a day in which to plead. under our statute, if he demands it, and it is error to refuse it.

 (b) Upon the trial court permitting the defendant to withdraw his plea and upon his filing a demurrer, the error is cured.

2.  **PERJURY—Indictment—Sufficiency.** (a) It is not necessary for an information charging perjury to name the person holding the court or the officer before whom the false oath was taken.

 (b) It is sufficient if it appears that the oath was administered before the court, and that the court had jurisdiction to try and determine the issues involved.

(Syllabus by the Court.)

*Appeal from District Court, Washita County; James R. Tolbert, Judge.*

John Schlumbohm was convicted of perjury, and appeals. Affirmed.

An information was filed against the plaintiff in error in the district court of Washita county on the 12th day of June, 1909. He was arraigned on an amended information on the 15th day of June, and requested 24 hours in which to plead. The request was refused, and he excepted. Afterward, on the same day, the court permitted him to withdraw his plea of not guilty, and file a demurrer to the information, which demurrer was overruled, and he excepted. The case was tried before a jury on the 21st day of June, 1909, and resulted in a conviction. Motions for new trial and in arrest of judgment were filed and overruled and exception saved, and an appeal was taken to this court.

*T. A. Edwards,* for appellant.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. (after stating the facts as above). There are only two questions urged by counsel in his brief for reversal of this cause; the first being that the court erred in refusing to allow the appellant 24 hours in which to plead. Under our statute a defendant upon arraignment is entitled to one day in which to plead, and it is error to refuse such time. We do not deem it necessary to consider this proposition, however, as the record shows that the plaintiff in error was permitted to withdraw his plea of not guilty and file a demurrer. If there had been anything in this contention, it was cured by this action of the court and the action of the plaintiff in error in filing the demurrer. The second proposition, as contended for by counsel, is that the amended information upon which plaintiff in error was put upon trial is insufficient. This proposition is raised by a general demurrer to the information, and is discussed at some length, and numerous authorities cited in the argument and brief of counsel.

The objections to this information as urged by counsel for the plaintiff in error are that it does not allege that the plaintiff in error was sworn and did take a corporeal oath, and that it does not allege that the oath was administered by a person having authority to administer the same; it being the contention of counsel that the information should name the person administering the oath, and contain allegations showing that he had authority to administer the same. In support of this contention counsel quotes section 5372, Wilson's Rev. & Ann. St. 1903, which section is as follows:

"In an indictment for perjury, or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what court or before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer, with proper allegations of the falsity of the matter on which the perjury is assigned; but the indictment need not set forth the pleadings, record, or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed."

The statute does not say "*and* before whom." It says "*or* before whom." A careful investigation of the authorities cited

by counsel discloses the fact that the prosecutions in most of those cases were based upon an indictment or information growing out of nonjudicial or quasi judicial proceedings, and in such cases the name of the officer before whom the oath was taken should be given. Under modern statutes, however, when the indictment or information charges the perjury to have been committed in open court, especially in the trial of civil cases, the general rule seems to be that it is not necessary to set out the name of the person holding the court, nor is it necessary to name the officer before whom the false oath was taken. The designation of the court is sufficient. Nor is it necessary to allege that an oath was administered. It appears to be sufficient to charge that the defendant was duly sworn. The information before us, however, sets out the material facts of the oath, after alleging that appellant was duly sworn before the court. *Smith v. People,* 32 Colo. 251, 75 Pac. 914; *State v. O'Hagan,* 38 Iowa, 504; *State v. Farrow,* 10 Rich. Law (S. C.) 165.

In the case of *State v. O'Hagan,* 38 Iowa, 504, cited *supra,* the indictment in that cause was as follows: "The defendant was then and there duly sworn before the court," etc. The court says:

"This objection could not avail, even on demurrer, for it is well recognized by the authorities that it is sufficient to charge that the defendant was duly sworn."

In the case of *McClerkin v. State,* 105 Ala. 107, 17 South. 123, the Supreme Court of Alabama, in discussing these propositions, says:

"It seems that an indictment for perjury, while it is entirely proper, following the form in the Code for perjury in a civil case, to aver the particular officer before whom the oath was taken, it is not necessary to do so for the legal sufficiency of the indictment. * * * The averment in this respect is that the defendant was duly sworn to testify, etc. This is all that is necessary to aver in any case."

In the case we are considering the information alleges that the appellant was first duly sworn before the court before giving said testimony. The information also alleges that the court had jurisdiction to try and determine the issues involved, etc.

The Supreme Court of Oregon, in the case of *State v. Wool-ridge*, 45 Or. 390, 78 Pac. 335, in discussing this question, says:

"That an indictment for perjury alleged to have been committed by the defendant as a witness in a civil action tried in the circuit court, etc., * * * the averment that the false oath was taken in such court, without designating the officer by whom it was administered, was sufficient. Mr. Chief Justice Prim, speaking for the court (in another case quoted from [*State v. Spencer*] 6 Or. 152), in distinguishing the mode of alleging the necessary facts in other cases, said: 'But, if the oath in which perjury was assigned had been administered by the clerk in some outside matter, then it would have been necessary to allege that it was taken before the clerk.' "

In the case of *State v. Green,* reported in 24 Ark. 591, in discussing the same questions as raised here, the court says:

"Most of the objections thus taken to the indictment might have deserved consideration if every indictment for perjury now required the same details and recitals as the law required for indictments for the same offense at common law, but by our statute and that of most of the states that strictness in the details and recitals in indictments for perjury is not required."

The perjurer is a most dangerous character. By his false oath honest men are deprived of their property, the character of good men and women is destroyed, and the liberty and lives of the innocent are taken away. Many times the most depraved criminals escape justice by the reckless disregard of a perjurer for the truth; and it is not infrequent that the gallows is cheated through the same agency. The willful and corrupt perjurer has no regard for the rights of any one, and is entitled to no sympathy at the hands of a jury or in a court of justice.

The record in this case shows that this appellant destroyed the home of his neighbor, that he stole his wife and carried her away to a neighboring city, and there kept and visited her, and, in order to escape civil liability for his wicked acts, committed the perjury charged in this information. There is not the slightest controversy in the proof, yet this court is urged to strain at a meager technicality in procedure in order that a guilty man may escape justice. If the doctrine of harmless error has any application, it should be in cases of this kind, where a trivial error in

procedure did not, and could not, deprive the appellant of a substantial right. If the appellant had been in any way prejudiced by this information, he would be in some attitude to complain, but, under the uncontroverted proof in this record, he was in no wise injured and does not so contend.

Some of the authorities hold that a defendant in the trial court can show as a matter of defense that the person who administered the false oath had no authority to administer the same, and also that the court had no jurisdiction to try and determine the cause. See *Muir v. State,* 8 Blackf. (Ind.) 154. The information before us shows that the appellant was duly sworn before the district court, and, as we have seen, a great many authorities hold that it is unnecessary for the information to allege the name of the person administering it. We think, however, it is the better practice to do so; but it is sufficient, when the proof shows, without contradiction, that the conviction is just, for it to appear in the information that the person charged was sworn before the court, and that the court had jurisdiction to try and determine the issues involved, all of which this information showed.

We find no prejudicial errors against the rights of the appellant in this record. The judgment of the court below is therefore affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.