## ELMER CLARK v. STATE.

No. A-4630.    Opinion Filed Jan. 17, 1925.
On Rehearing, Feb. 21, 1925.
(232 Pac. 953.)

(Syllabus.)

**Appeal and Error—Error Must Affirmatively Appear from Record.** Er-

ror is not presumed, but must affirmatively appear from the record. Every presumption favors the regularity of the proceedings had upon the trial, and, in order to procure a reversal, a plaintiff in error must affirmatively show error which deprived him of some substantial right.

Appeal from County Court, Pawnee County; Charles Verne, Judge.

Elmer Clark was convicted of a misdemeanor, and he appeals. Affirmed.

McCollum & McCollum, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error was convicted of the violation of Section 2287, Comp. Stats. 1921, which section reads as follows:

"Any person who willfully and wrongfully commits any act which * * * openly outrages public decency and is injurious to public morals, although no punishment is expressly prescribed therefor by this chapter, is guilty of a misdemeanor."

Upon the trial the plaintiff in error was convicted and sentenced to serve a term of 60 days in jail and to pay a fine of $100.

Numerous errors are assigned in the petition in error and brief of the plaintiff in error, one of which challenges the sufficiency of the information. The information in this case is not a model pleading, but, under the previous holding of this court in the case of Fessler v. State, 12 Okla. Cr. 579, 160 P. 1129, it is, we think, sufficient.

Again it is urged that the evidence is not sufficient to sustain the verdict of the jury. No good purpose would be served by setting out the evidence, but we have examined the same with care and believe that it amply sup-

It is also assigned as error that the judge who tried the case did not pass on the motion for new trial, but, having died, such motion was passed on by his successor in office. Counsel for plaintiff in error state as their opinion that such fact constitutes reversible error, but assign no reason nor cite any authority therefor; and such assignment might properly be considered as waived. However, precedents are not wanting for such procedure. 20 R. C. L. p. 302; note 12, 29 Cyc. 923, note 25.

It is also contended that the trial jury was not selected in the manner required by law. The record is not complete, and we cannot say that the jury was not duly and properly selected.

The most serious question raised is, that upon arraignment, the plaintiff in error was not given 24 hours to plead, as provided in section 2595, Compiled Stat. 1921. The record upon this point is in such shape that we are not able to gather clearly just what proceedings were had. On page 19 appears a statement from the trial court to the effect that the defendant, on the 27th of May, appeared in court in person and pleaded not guilty to the "complaint" and demanded a jury, which statement is uncontradicted. A like statement appears at page 26 of the record; and at the time of the trial on the 29th of May, as shown by the record at page 21, a demurrer was presented and overruled. Again at page 10 in the record appears the recital that both the state and the defendant announced ready for trial. In this condition of the record we believe that if there was any error in the proceedings it was cured by the filing and ruling on the demurrer and by the announcement of the defendant that he was ready for trial. Schlumbohn v. State, 5 Okla. Cr. 36, 113 P. 235; Ryan v. State, 8 Okla. Cr. 623, 129 P. 685; Johnson v. State, 5 Okla. Cr. 1, 112 P. 760.

It is also assigned as error the giving of instruction No. 3 as follows:

"To this information the defendants stand mute and refuse to plead, and the court, under the law, enters for them a plea of not guilty, which has the same force and effect as if the plea were entered by them in their own behalf."

This instruction should not have been given, but, whether or not the defendant stood mute or pleaded not guilty, the ordinary charge as on a plea of not guilty should have been given. But we think no material injury could result from the giving of the charge quoted.

Under the well-settled rule of this court that error is not presumed, but must be made to affirmatively appear from the record, there is nothing shown in this case which would warrant a reversal, and, upon the incomplete record before us, the case will be affirmed.

BESSEY, P. J., and DOYLE, J., concur.

### On Rehearing.

The plaintiff in error having filed a petition for rehearing, the same was orally argued to the court, and it was urged that on the record the punishment assessed was excessive. It was thereupon confessed by the Attorney General that the punishment was in fact excessive, and the judgment in that particular should be modified. Thereupon the judgment is modified, from a fine of $100 and costs and 60 days in the county jail, to the payment of a fine of $100 and all costs, and, as so modified, the judgment is affirmed.

BESSEY, P. J., and DOYLE, J., concur.