This was a prosecution for embezzlement and dissipation of funds from the Bank of Stratford, growing out of the insolvency and closing of the bank, the affairs of which were taken over by the bank commissioner on April 19, 1922. Plaintiff in error was found guilty as charged, with his punishment fixed at imprisonment in the state penitentiary for ten years and a fine of $500.
This prosecution was brought under the provisions of section 4178, Comp. Stat. 1921. The proof on the part of the state was to the effect that Allen Snoddy, plaintiff in error, was one of the owners and active managers of this bank, that he participated in and was responsible for the embezzlement and unlawful dissipation of $17,480 from said bank a short while before its failure, and that the unlawful conversion of these funds directly contributed to the insolvency and failure of the bank to the injury of its depositors and others interested therein.
Many of the things insistently urged in the brief and reply brief of plaintiff in error — as the crime of the deflation of the currency, the criticism of the harmless error statute, the fact that the accused was not a banker of experience and discretion, the claim that the creditors of the bank who had been favored by the accused did not come to his relief, and the excuse that the conduct of plaintiff in error's associates was more reprehensible than his — are matters not properly involved in this appeal.
The first contention of plaintiff in error worthy of consideration is the claim that the information is insufficient and duplicitous. The information in effect states that the plaintiff in error, as an agent and officer of the bank, was intrusted with the possession and safe-keeping of its funds, and the funds of divers depositors, and that he fraudulently took from the funds of the bank and converted *Page 237 
to his own use $17,480, with the intent of injuring and defrauding the bank and others interested, and to deceive the bank examiner.
One of the provisions of section 2558, Comp. Stat. 1921, is to the effect that "where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count." Applying this statutory provision to this information, we hold that the information here was not duplicitous, and that it was other wise sufficient.
It is claimed that the court erred in refusing a continuance on account of the illness of plaintiff in error, and because the brother of the accused, for whom a subpœna had been issued, was not present. It seems that the application for a continuance was supported by a certificate of a physician, but this certificate, if there was one, has not been made a part of the record, so that this court cannot pass upon the sufficiency of its contents. The application states that the plaintiff in error was ill and not in physical condition to appear for trial. The application was resisted by the state by the introduction of several witnesses controverting the showing made in the application. From other parts of the record we infer that the brother was probably at that time a fugitive from justice; there was no showing made as to when this witness could probably be procured, if ever. Under all the circumstances shown the trial court did not abuse his discretion in refusing a continuance.
It is next contended that a written confession signed by plaintiff in error was improperly admitted in evidence for the reason as claimed, that it was procured under duress, and by a promise from the bank examiner that he would intercede with the county attorney to defer taking the plaintiff in error to jail, from Saturday, the day the confession was signed, until Monday following, and that the bank *Page 238 
examiner promised to intercede with the county attorney for a mitigated sentence, and for the further reason that plaintiff in error signed this statement when in a state of intoxication, so that he did not fully realize its meaning or significance.
Upon these collateral issues the court heard testimony in the absence of the jury. The bank examiner and others present when the confession was signed testified that the plaintiff in error was not drunk when he signed the statement, and that no promises or inducements were made to procure the signature. By a great preponderance of the evidence it appears to us that the statement was signed without duress or promises of material favors; that it was free and voluntary, and therefore properly admitted.
It is next contended that the plaintiff in error was tried by an unfriendly court, surrounded by hostile influences engendered by persons who had suffered pecuniary losses on account of this bank's failure. Doubtless many there present, who had lost their money through the failing of this bank, did not have the most kindly feeling toward the accused man on trial. But this fact of itself does not imply that the plaintiff in error did not have a fair trial. There is a vast difference between feelings of bias and prejudice and a feeling of just and righteous indignation. The record shows that during the progress of the trial the trial judge accorded the plaintiff in error every substantial right to which he was entitled.
The fact that people everywhere regard the robbery of a bank from the inside by its trusted officers as being more reprehensible than robbery from the outside by force of arms, cannot be consistently urged as a defense, or in mitigation of the offense.
The proof shows that these embezzlements were accomplished at different times by the fraudulent transferring of different sums of money to other accounts, and *Page 239 
may have constituted different and distinct crimes. The court, however, in his instructions to the jury, limited the consideration of this character of proof to its connection with the specific offense for which the accused was on trial. It has often been held that where it is developed by the evidence that other like acts were committed in the course of the perpetration of the offense charged, the testimony tending to show the commission of such other acts will not be excluded merely because it shows that the accused committed other offenses at different times. Highfill v. State, 26 Okla. Cr. 420, 224 P. 729; Littrell v. State, 21 Okla. Cr. 466, 208 P. 1048; Miller v. State,9 Okla. Cr. 255, 131 P. 717, L.R.A. 1915A, 1088.
The instructions of the court fairly stated the law of the case. The plaintiff in error did not testify in his own behalf, and offered no witnesses to rebut the state's evidence.
The judgment of the trial court is affirmed.
DOYLE and EDWARDS, JJ., concur.