## FRANK DUNKIN v. STATE.

No. A-6931.   Opinion Filed Nov. 16, 1929.
(282 Pac. 692.)

Brown Moore and Guy L. Horton, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Payne county on a charge of larceny of seven chickens, and his punishment fixed at a fine of $200.

The defendant complains that the court erred in denying him his statutory time in which to plead. The record discloses that an amended information was filed on the 28th day of September, 1927; that defendant was arraigned on the 4th day of November, 1927, at which time he demanded his statutory time in which to plead, which demand was denied by the court. The defendant then demurred to the information which was overruled, and the cause proceeded to trial to a jury. The defendant was found guilty, and his punishment fixed at a fine of $200.

Section 2595, C. O. S. 1921, provides as follows:

"If, on the arraignment, the defendant require it, he must be allowed until the next day, or such further time may be allowed him as the court may deem reasonable, to answer the indictment or information."

In the case of Schlumbohm v. State, 5 Okla. Cr. 36, 113 Pac. 235, this court said:

"When a defendant is arraigned on a felony charge, he is entitled to a day in which to plead, * * * if he demands it, and it is error to refuse it."

In the case of Bohannan v. State, 11 Okla. Cr. 69, 142 Pac. 1092, this court said:

"The filing of an amended or a new information is the beginning of a new case, and the accused is always entitled to the statutory time in which to plead. This is a plain statutory essential and cannot be denied when it is claimed in due time."

Under section 2595, C. O. S. 1921, it was mandatory upon the court to grant the defendant until the next day to plead, where timely demand was made. The right to time to plead being a statutory one could be waived by the defendant and is waived where the defendant demurs to the information or challenges the array of jurors or moves to quash or files a plea in abatement. Clark v. State, 29 Okla. Cr. 243, 232 Pac. 953; McCord v. State, 2 Okla. Cr. 209, 101 Pac. 135; Ray v. State, 40 Okla. Cr. 413, 269 Pac. 509.

In the case at bar the defendant did not waive his right to time to plead. The record shows that when the defendant was arraigned that he demanded the statutory time to plead, and that this demand was denied by the court and the defendant, over his objections, was forced to trial on the day he was arraigned.

The defendant having been deprived of his statutory right to time to plead, the cause is reversed and remanded, with directions to the trial court to arraign the defendant, grant him his statutory time to plead, and proceed with the trial of this case according to law.

EDWARDS, P. J., and DAVENPORT, J., concur.