## SIMON SCOTT v. STATE.

No. A-10761.   Oct. 29, 1947.
Rehearing Denied Nov. 26, 1947.
(186 P. 2d 336.)

214

J. G. Clift, of Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Simon Scott, was charged by information filed in the district court of Stephens county, Oklahoma, with the crime of abduction of a female under the age of 15 years, a fourth and subsequent offense, was tried, convicted and sentenced to serve seven years imprisonment in the State Penitentiary and has appealed.

The information filed against the defendant, omitting formal parts and also omitting that part of the information which alleges the former convictions, is as follows:

"That thereafter to-wit; on the 5th day of June, 1945, the said Simon Scott, alias Lester Scott, did commit the crime of Abduction of a Female Under the Age of Fifteen years, A Fourth and Subsequent Offense, in the manner and form as follows; to wit: That the said Simon Scott, Alias Lester Scott, late of Stephens County, Oklahoma and within the jurisdiction of this Court, in the County and State aforesaid, did then and there unlawfully, wilfully, wrongfully and feloniously, take and entice away one Neva Rose Anglley, a female under the age of fifteen years, to-wit; of the age of Fourteen years; from the custody of her mother, Pauline Anglley, she, Pauline Anglley having the legal charge, custody and control of the person of the said Neva Rose Anglley, for the purpose of marriage, or concubinage and for the purpose of having illicit sexual intercourse with the said Neva Rose Anglley, by and on the part of him the said Simon Scott, alias Lester Scott; contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the State of Oklahoma."

On November 5, 1945, the district court entered an order requiring all defendants in criminal cases to appear

in said court on Monday, November 19, 1945, at 9:00 a.m. for arraignment. In the same order the instant case against the defendant was set for trial on Tuesday, November 20, 1945. On November 17, 1945, the defendant appeared before the court with his counsel and on his motion, according to the minutes of the court clerk, the trial of his case was continued to November 30, 1945. The defendant did not appear for arraignment on November 19, 1945, as directed by the court.

On November 30, 1945, the case came on for trial and the following proceedings occurred according to the record:

"By Mr. Clift: Comes now the defendant and shows to the court that there has been no arraignment on the charge in this cause and asks the court for 24 hours in which to plead to the information. By Mr. Marshall: Comes now the county attorney and shows the court that the setting of this cause required the defendant to be here on the 19th of November for arraignment; that the defendant appeared before the court on the 16th day of November, 1945, with counsel, and asked for further time in which to prepare for trial, and did not appear on the 19th as required by the order of court for arraignment, and therefore is not entitled to further time to be arraigned. By the Court: Let the motion of the defendant be denied. By Mr. Clift: Exceptions. Comes now the defendant, after arraignment herein and asks for time in which to plead to the information. By the Court: Denied. By Mr. Clift: Exceptions. By the Court: What is the plea? By Mr. Clift: I plead my motion and demurrer. Comes now the defendant and moves the court to strike from the information herein the charge of more than one prior conviction of the defendant, and also the allegation in the information that the defendant abducted the female for the purpose of illicit sexual intercourse. The defendant further moves the court to require the state to elect whether the purpose of the abduction was for marriage or concubinage.

By the Court: Overruled. By Mr. Clift: Exceptions. By the Court: Let the record show the defendant refused to enter a plea, and a plea of not guilty is entered for the defendant by the court."

It is first contended by the defendant that the trial court committed reversible error in refusing to allow him 24 hours time in which to plead to the information after he was arraigned.

It is provided by statute:

"If on the arraignment, the defendant require it, he must be allowed until the next day, or such further time may be allowed him as the court may deem reasonable, to answer the indictment or information." 22 O. S. 1941 § 491.

"If the defendant do not require time, as provided in the last section, or if he do, then on the next day, or at such further day as the court may have allowed him, he may, in answer to the arraignment, either move the court to set aside the indictment, or information or may demur or plead thereto." 22 O. S. 1941 § 492.

In the case of Wood v. State, 4 Okla. Cr. 436, 112 P. 11, 12, 45 L. R. A., N. S., 673, it is stated:

"Our statutes provide for an arraignment, and specifically direct what should be done upon arraignment, and thereby show why an arraignment is required. They provide that if the defendant be without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and he must be asked if he desires the aid of counsel. If he desires and is unable to employ counsel, the court is required to assign counsel to defend him. He must also be asked when he is arraigned if the name by which he is indicted is his true name. He must then declare his true name, or be proceeded against in the name of the indictment. If, on arraignment, the defendant requires it, he must be allowed until the next day, or such further time may be allowed him as the court may deem reasonable, to answer the arraignment. In answer-

218

ing the arraignment the defendant may either move the court to set aside the indictment or may demur or plead thereto. * * * It is seen from this that the object and purpose of an arraignment is to obtain issues either of fact or of law for trial and to inform the defendant of his right to be represented by counsel, either of his own choice or under appointment from the court; and also to inform him of the precise offense charged against him in order that he may be able to prepare for trial, and to enable the defendant to obtain such time as will be necessary to make such preparation. These are the purposes for which a defendant is arraigned and are the substantial rights which an arraignment is intended to secure to a defendant. * * * Therefore, under our statute, which requires this court to give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of a defendant, this conviction cannot be set aside because the record fails to show that the defendant was arraigned, when it does show that all of the rights secured by an arraignment were exercised by him. Where there is no injury the law allows no remedy."

The case of Ross v. State, 78 Okla. Cr. 293, 147 P. 2d 797, 798, presented facts which are similar to those here presented. In that case, the defendant was temporarily out of the state and did not appear on the date set for arraignment. Upon defendant's arraignment, the day before his case was set for trial, his counsel filed a demurrer to the information and when it was overruled asked for 24 hours time in which to plead further, which was denied, and defendant was ordered to trial the next day. The law of that case as shown by the syllabus, reads:

"Where defendant does not appear on date set for arraignment because of his temporary absence from state which prevented his counsel from notifying him, but is arraigned the day before date of trial, court did not err in proceeding to trial where no showing is made that defendant was prejudiced."

The record discloses that counsel dictated a motion to strike certain allegations from the information at the time he was arraigned. In addition, he had prepared a motion to quash and set aside the information and a demurrer which were presented to the court. While the record is not exactly clear as to whether the motion to quash the information and the demurrer were filed before or after the arraignment of the defendant, it would seem to indicate that they were on file at the time defendant was arraigned. Whether they had been filed before arraignment is disputed, but there is no dispute that these pleadings had been prepared and counsel was ready to present them at the time of arraignment.

In the case of Price v. State, 53 Okla. Cr. 353, 12 P. 2d 249, 250, this court said:

"Motion to set aside an information or demurrer thereto are such pleas as may be entered on an arraignment, and are such as defendant may be allowed 24 hours in which to file. Sections 2595 and 2596, C. O. S. 1921 [22 O. S. 1941 §§ 491, 492]. After such pleadings are filed, there is no necessity to grant another twenty-four hours for a plea of not guilty. Section 2602, C. O. S. 1921; section 2615, C. O. S. 1921 [22 O. S. 1941 §§ 498, 511]. Interposing a motion to quash or a demurrer to the information constitutes a waiver of the right to have twenty-four hours additional in which to plead. Schlumbohm v. State, 5 Okla. Cr. 36, 113 P. 235; Clark v. State, 29 Okla. Cr. 243, 232 P. 953."

It is established law that the defendant's right to be arraigned on the indictment or information filed against him may be waived. Price v. State, supra; Thomas v. State, 17 Okla. Cr. 550, 190 P. 711; Brown v. State, 33 Okla. Cr. 217, 242 P. 1065.

It is our conclusion that when defendant appeared in court with his counsel on November 17, and by his motion secured a continuance of the trial of his case from the date it was set on November 20, 1945, to November 30, 1945, and then did not appear on November 19, 1945, which was the day he had been ordered to appear for arraignment that such affirmative action on his part constituted a waiver of his right to demand additional time to plead to the information. It would appear that the court was lenient with the accused when he did not order the bond forfeited on account of his failure to appear for arraignment on November 19th. The court would have been justified in treating the appearance of defendant and his counsel on November 17th, and their request that the case be set for trial on the specific date of November 30th, and his nonappearance on November 19th, as a waiver of formal arraignment. Furthermore, the contention presented fails to show where the defendant was prejudiced in any particular by reason of the action that was taken.

It is next contended that the court erred in overruling the demurrer to the information. It is urged that the information is duplicitous because of the allegation that the abduction of the female from the custody of her mother was "for the purpose of marriage or concubinage, and for the purpose of having illicit sexual intercourse with the said Neva Rose Anglley."

The statute under which this prosecution was instituted provides:

"Every person who takes away any female under the age of 15 years, from her father, mother, guardian or other person having the legal charge of her person, without their consent, for the purpose of marriage or concubinage * * *." 21 O. S. 1941 § 1119.

It is to be noted that the abduction of a female under said statute is punishable only when the abduction is for the purpose of marriage or concubinage and does not cover the allegation in the information "and for the purpose of having illicit sexual intercourse."

In Black's Law Dictionary, Third Edition, concubinage is defined as:

"Living together and having sexual relations as husband and wife; State v. Tucker, 72 Kan. 481, 84 P. 126. The words concubinage and prostitution have no common law meaning, but in their popular sense cover all cases of lewd intercourse; People v. Cummons, 56 Mich. 544, 23 N. W. 215."

22 O. S. 1941 § 404, provides in part:

"* * * Where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

The proof of the state established that the defendant took Neva Rose Anglley away from her parents without their knowledge or consent. That they were gone for several days and upon their return the defendant claimed that they had been married. However, under the law of Oklahoma, 43 O. S. 1941 § 3, it was impossible for the defendant to consummate a marriage with the girl because of her immature age and there was no contention at the trial that defendant had legally married the girl. In this kind of case the proof of the reason for the abduction of the minor child, as to whether it was for marriage, or concubinage, is generally difficult to establish and will generally rest on circumstantial evidence. The proof, however, must show that the abduction was either for the purpose of marriage, or concubinage or both, and if there is no evidence to show that it is for either of these purposes, there would

be lacking one of the essential elements of guilt. In this case the defendant might have had the purpose of marrying the minor child, but because of her age could not legally do so and because of that he intended to live with her as his concubine.

In Snoddy v. State, 30 Okla. Cr. 235, 235 P. 248, it is held:

"Where an offense may be committed by the use of different means, the means or methods may be alleged in the alternative in the same count."

In Bruster v. State, 40 Okla. Cr. 25, 266 P. 486, 487, it is stated:

"It is next argued that the court should have required the state to elect on which part of the information it would stand. The information charges the homicide to have been committed by shooting with a pistol and by striking with an ax. Defendant insists that the court should have limited the proof to either one or the other of the means alleged. This contention is wholly untenable. Section 2558, Comp. St. 1921 [22 O. S. 1941 § 404], provides:

" "* * * And where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

"The evidence discloses that the death of deceased was caused by shooting with a pistol and by a blow on the head from an ax. It was proper to charge the crime to have been committed by means of each of the weapons named, and, under the charge, proof might be made of the death by either or both of such means alleged. It would have been error to have required the state to elect."

In the case of Huckleberry v. State, 64 Okla. Cr. 396, 81 P. 2d 493, 495, we find the following applicable language:

"In cases of this character, the true test is, whether the act charges and the statute defines more than one crime, or whether it defines a single crime which may be committed in a number of different ways. Whether there is a readily perceived connection between the things charged. If there is no reasonable connection one with the other, and they are disconnected transactions, the information is duplicitous, otherwise it is not. State v. Hennessy, 114 Wash. 351, 195 P. 211. Applying this test to the case at bar, it will be readily seen that only a single crime is here charged which may be accomplished in different ways, and there is a readily perceived connection between the things charged. Under the authorities and the facts in this case the allegation that 'she was prevented from resistance by threats of immediate and great bodily harm' might be considered as surplusage. State v. Morrison, 46 Mont. 84, 125 P. 649; Sowers v. Territory, 6 Okla. 436, 50 P. 257; Wines v. State, 7 Okla. Cr. 450, 124 P. 466; Adams v. State, 5 Okla. Cr. 347, 348, 114 P. 347; 31 C. J. 764; Dobbins v. State, 21 Okla. Cr. 403, 208 P. 1056."

The offense charged here was abduction of a female. Since the girl who was involved was only 14 years of age, the defendant could not have married her if he had wished, and the county attorney could have omitted the question of intended marriage from the allegations of the information. It does charge in the alternative two means by which the felony of the abduction of a female under the age of 15 years of age could be committed, but under the provisions of the statute, 22 O. S. 1941 § 404, supra, the information will be upheld.

It is next contended that the trial court erred in not striking from the information all of the allegations of the information which charged more than one prior conviction of the defendant. The information charged the defendant with prior conviction of three felonies.

This contention of defendant has heretofore been decided adversely to him in the case of Solomon v. State, 79 Okla. Cr. 93, 151 P. 2d 944, 945, wherein this court stated:

"Under 21 Oklahoma Statutes 1941 § 51, it is proper to charge in the information one or more offenses of prior conviction, and offer proof to sustain the same."

It is claimed that the court erred in giving instruction number four which reads as follows:

"You are instructed, gentlemen, that under the laws of this state, a girl 14 years of age cannot legally marry, either with or without the consent of her parents, and any purported marriage of the parties in this case would be null and void."

The defendant offered no evidence in his defense, but the testimony of the state showed that the defendant stated at the time of his arrest that he and the girl had married. The mother in her testimony said that her daughter had exhibited a marriage certificate, but that she did not know what had happened to it. Since as heretofore noted the abduction of a female to be criminal must be for the purpose of marriage, or concubinage, and without further explanation by the court in its instruction, the jury might have concluded that since marriage was accomplished no crime had been committed.

In Yeats v. State, 30 Okla. Cr. 320, 236 P. 62, this court held that an attempted common law marriage of a man to a girl under the age of 15 years is void and constitutes no defense to a prosecution for the abduction of the female child.

The trial court in instructing the jury as to the nature of the charge against him as stated in the information repeated the allegations set forth in the information,

including the phrase, "and for the purpose of having illicit sexual intercourse with said Neva Rose Anglley" and it is contended that this was an erroneous instruction. The instruction complained of merely repeated the allegations of the information. Instruction number three defined the element of the offense of the crime charged against the defendant in the language of the statute. The phrase in question was surplusage in the information and could have been omitted therefrom without affecting the validity of the charge. However, the instruction complained of does not authorize the jury to convict if they find that the defendant abducted the female for the purpose of having illicit sexual relations with her. We do not think the instructions when considered together, including the one in question, were confusing to the jury.

Lastly, it is contended that the court committed error in admitting certain evidence over objection of defendant. This assignment is directed to the admission in evidence of the original judgment and sentence pronounced against the defendant on a plea of guilty to a charge of robbery with firearms in Jefferson county, and the original judgment and sentence from the district court of Stephens county, relative to the conviction of defendant in Stephens county for the crime of burglary.

When these instruments were offered in evidence, objection was made for the reason that they were not the best evidence.

Counsel rely upon 12 O. S. 1941 § 701, which provides:

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action."

There is cited to support this contention the quotation from 22 C. J. 798:

"* * * when a formal or technical judgment roll has been made up, however it and not the original papers or docket entries is the legal evidence to establish what the record contains, at least in the absence of evidence that the record has been lost or destroyed." See, also, 32 C. J. S., Evidence, § 632.

In Oklahoma, however, it is provided by statute that original papers required to be kept by the clerk of the district court, which may be recorded, are admissible as evidence. 12 O. S. 1941 § 502.

The proof of the conviction for larceny of livestock in the district court of Grady county did not come within the objection urged to the other two convictions for the reason that the testimony of the court clerk of that county showed that the original files could not be located and she produced and identified certified copies which were made up from the permanent record. In addition to the record evidence there was introduced oral evidence of witnesses who identified the defendant as being the person who had been convicted and served sentences for certain crimes which were described in the information. The exhibits which were admitted in evidence were part of the original files and we think the procedure which was followed was a sufficient compliance with the law to show prior convictions of the defendant in accordance with the allegations set forth in the information. The purpose of having the court clerk copy the instruments into a book provided for that purpose is to maintain a permanent record, as the original judgment or information, or warrant of arrest being on separate sheets of paper and filed loosely in jackets in the clerk's office might become lost, displaced, or destroyed.

We have not given a summary of the evidence for the reason that the sufficiency of the evidence to sustain the conviction is not questioned. However, the evidence showed that the defendant had some horses at the fairground, including a race horse named Josephine. That prior to the abduction of Neva, Mrs. Anglley and Neva had gone to the fairgrounds and ridden horses on several occasions, including horses of the defendant. On one occasion the mother had permitted Neva to ride the defendant's horse in a race. Even though the defendant had a bad background of felony convictions, which was known to all of the parties, the daughter who was abducted became acquainted with the defendant through her mother taking her to the fairgrounds to ride horses. It is apparent from the record that the daughter went to the fairgrounds often without the knowledge of her mother and went horseback riding with the defendant. Neva lacked a few days being 15 years of age at the time of her abduction, but it appears from the record that she was fully matured. There was a purported marriage of the parties. After the marriage, the defendant and the daughter returned to the home of her parents posing as man and wife, by reason of the marriage supposedly performed in Oklahoma county. It was then that the mother of Neva Anglley had the defendant arrested. When all of the facts and circumstances are considered, it appears to us that the sentence is excessive and should be reduced to a term of five years imprisonment in the State Penitentiary.

It is therefore ordered that the judgment and sentence of the district court of Stephens county be modified by reducing the sentence pronounced against the defendant from seven years imprisonment in the State Penitentiary

to a term of five years imprisonment in the State Penitentiary, and the judgment and sentence as thus modified is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.